Dear Mr. Morvant:
You have asked this office to advise if the Director of the Lafourche Parish Department of Parks, Recreation and Public Facilities may also hold elective office as member of the Lafourche Parish School Board. For the following reasons, more fully explained below, it is the opinion of this office that the law prohibits the concurrent holding of these positions.
Lafourche Parish is governed by the provisions of a Home Rule Charter. Article VIII, Section 2 of the Charter requires "all elected officials, officers, and employees of the Parish" to ". . . comply with . . . the state dual officeholding and dual employment laws," found within the provisions of La.R.S. 42:61, et seq.
Under the dual officeholding definitions, an individual holds "appointive office" where the "office . . . is specifically established . . . by the charter or ordinances of any political subdivision" and the office is "filled by appointment . . . by an elected or an appointed public official or by a governmental body composed of such officials . . ." La.R.S. 42:62(2). The position of Director of the Lafourche Parish Department of Parks, Recreation and Public Facilities is an "appointive office" because the position is established by parish ordinance[1] and the position is appointed by the Parish President and approved by the Parish Council. Section 2:203(F) of the Parish Code of Ordinances provides:
F. A Department of Parks, Recreation and Public Facilities is hereby created and established. The head of this department shall be the Director of Facilities. He/She shall be responsible for the *Page 2 
field of operations of all employees in the department, the maintenance and operation of all Parish parks and buildings. He/She shall perform such duties as may be prescribed by the Parish President, Parish Administrator, the Lafourche Parish Home Rule Charter, or by Ordinance. The Parish President may appoint Deputy Director(s) of Parks, Recreation, and Public Facilities that will serve outside of the Civil Service System, as provided by the Lafourche Parish Home Rule Charter, and as approved by the Council.
The Director holds full-time appointive office with Lafourche Parish, while a school board member holds elective office as defined by La.R.S. 42:62(1). Of relevance here is La.R.S. 42:63(D), which provides that "no person holding an elective office in a political subdivision of this state shall at the same time hold . . . full-time appointive office . . . in the government of a political subdivision thereof." It is the opinion of this office that application of La.R.S. 42:63(D) to these facts prohibits the Director from holding his full-time appointive office with the parish while serving as school board member, should he be elected.
Our conclusion is predicated on the assumption that the Lafourche Parish Home Rule Charter does not contain a provision which specifically authorizes the holding of these provisions. We have not been provided any charter provision meeting this description, but we would point out that such a provision would control over the dual officeholding provisions. See La.R.S. 42:66(D).[2]
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: _____________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK.arg
[1] See Lafourche Parish Ordinance No. 4324, adopted May 11, 2004.
[2] La.R.S. 42:66(D) provides:
D. Nothing in this Part shall be construed to prohibit a municipal and/or parochial officer or employee from holding another municipal and/or parochial office or employment as specifically authorized by a legislative or home rule charter, not shall it be construed to authorize a municipal and/or parochial officer or employee to hold another municipal and/or parochial office or employment when prohibited by a home rule charter.